IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01232-BNB

CRYSTAL MORGAN,

    Plaintiff,

v.

BRUCE CHRISTENSEN,

    Defendant.

---

ORDER TRANSFERRING CASE

---

    Plaintiff, Crystal Morgan, has filed *pro se* an Original Complaint With Jury Demand (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Ms. Morgan asserts a number of claims against Defendant seeking damages for personal injuries.  All of the events that give rise to Ms. Morgan's claims occurred in 2010 in Miami, Florida.  She alleges that Defendant is an attorney who resides in Coral Gables, Florida.

    The Court must construe the complaint liberally because Ms. Morgan is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Construing the complaint liberally, it is apparent that venue is not proper in the District of Colorado.

    Title 28 U.S.C. § 1391(b) sets forth the rules that govern venue in federal courts.  In general, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is

>   located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  As noted above, Ms. Morgan alleges that the only Defendant in this action resides in Coral Gables, Florida, and all of the events or omissions that give rise to Ms. Morgan's claims occurred in Miami, Florida.  Although Ms. Morgan alleges that she resides in Colorado, that is not sufficient to establish proper venue in the District of Colorado.  As a result, venue is appropriate in a federal district court in Florida and not the District of Colorado.

"A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice."  *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006).  Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Court finds that this action could, and should, have been brought in the United States District Court for the Southern District of Florida, the judicial district in which Miami and Coral Gables, Florida, are located.  *See* 28 U.S.C. § 89(c).  The Court also finds that it would be in the interest of justice to transfer this case to the Southern District of Florida rather than to dismiss it.  Accordingly, it is

ORDERED that the clerk of the Court transfer this action to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this  17th  day of   May   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court